## MOORE vs. THE STATE.

1. Where points are reserved and certified by the primary court as novel and difficult, this court, in the absence of a writ of error, cannot go beyond the questions presented by the reference and consider others not embraced by it.

2. A person, whose business is that of a butcher, but who sells spirituous liquors *once* in a less quantity than a quart, without first procuring license to do so, cannot be regarded as one engaged in the " business or employment" of retailing, and is not subject to the penalty prescribed by the 98th section of the Revenue Act of the 6th March 1848.

3. Has the Criminal Court of Mobile jurisdiction of an offence violative of the 98th section of the Revenue Act of the 6th March 1848?—Qu.

From the Criminal Court of Mobile. Tried before the Hon. John E. Jones, Judge.

PHILLIPS, for the plaintiff:

1. The Criminal Court of Mobile has no jurisdiction of the offence charged in the indictment. The grant of jurisdiction in the 98th section of the revenue act to *the Circuit Court*, is by legal construction an exclusion of the Criminal Court.

2. The question of jurisdiction arises upon the record, without plea. Wyatt v. Judge, 7 Porter, 37; Merrill v. Jones, 8 ib. 554; Bell v. Tomb. R. R. Co. 4 Smedes & M. 549; Leigh v. Mason, 1 Scam. 249.

3. By the 98th section of the revenue law of 1848, p. 32, it is enacted that " every person engaged in, or about, or intending to engage in any of the following kinds of *business* or *employment*, shall, &c." These words " business and employment" clearly indicate their own meaning—they are of like import with trade or profession, and denote the matter which occupies the attention and time of a party, and from which he expects to derive compensation. The proof shows that the business and employment of defendant was that of a butcher, and that his wife kept a family grocery on one of the high-ways leading out of the city. The revenue law surely did not intend to subject every one who might be called upon to sell a glass of spirituous liquor to the necessity of taking out a license, but only those whose *" business and employment"* it was to retail spirits. The opposite construction would lead to absurd results.

ATTORNEY GENERAL, contra.

1. The offence of selling spirituous liquors in less quantities than one quart without license, is complete by one single act, and does not require a repetition of the offence. Cameron v. The State, 15 Ala. Rep. 383.

2. The Criminal Court of Mobile, and the several Circuit Courts of the State, have concurrent jurisdiction. Acts 1845 and '6. See p. p. 29, § 4.

CHILTON, J.—This case comes before us upon points reserved as novel and difficult by the Criminal Court of Mobile. The counsel for the plaintiff in error insists that the

Moore v. The State.

Criminal Court has no jurisdiction of the matter of the indictment, and that as consent cannot confer jurisdiction, the point may be raised for the first time in this court. However correct this may be, had the case been brought before us by writ of error, it is well settled we cannot go beyond the questions presented by the reference and consider other points not embraced by it in the absence of a writ of error. The State v. Shelton, 3 Stew. Rep. 343; Holland v. The State, 3 Porter's Rep. 292.

We briefly proceed then to consider the only point presented by the record; which is, whether a single act of selling spirituous liquor will constitute the offence charged in the indictment. The charge is " that the said Augustus Moore, being then and there a person engaged in the business of retailing spirituous liquors, to wit, in the county, &c. did then and there, retail spirituous liquors, to wit, rum, &c. in less quantities than one quart, without first procuring a license so to do, according to law," &c. The act of 6th March 1848, entitled " an act to provide for the assessment and collection of the taxes," is, as its caption imports, a revenue act. The 98th section declares, " that each and every person engaged in or about, or intending to engage in any of the following kinds of *business or employment*, within the limits of this State, shall, before he attemps to engage in or transact any such kind of business or employment, procure from the Clerk of the County Court of the county in which he intends to do such business, or follow such employment, a license for the same, which shall be operative for one year . from the date thereof &c." The act then proceeds to fix upon the price of license—that for retailing in the country, or in the villages, containing less than five. hundred inhabitants, being thirty dollars. The proof shows that the defendant below did not follow the business of retailing—his business was that of a butcher, and without being engaged in retailing as a business, or intending so to engage, so far as the proof discloses, he had on one occasion sold five cents worth of ardent spirits. We think it is perfectly clear that this does not subject him to the penalty provided in the act above refered to, against a person who being engaged or about to engage in the business &c. retails, &c. The terms business and employment as here used are synonimous, signi-

fying that which occupies the time, attention and labor of men for the purpose of a livelihood or profit. Business, is here used in the sense of a calling for the purpose of a livelihood. The case does not require us to express an opinion, as to whether the party may not be indicted under the previous law, notwithstanding the revenue act, for a single act of retailing without license, and hence we give no intimation upon this point. For the error we have noticed, the the judgment of the Criminal Court must be reversed and the cause remanded. As the case goes back, it may be proper to suggest in respect to the jurisdiction of the Criminal Court, that the act in express terms gives jurisdiction to the Circuit Court in respect to the penalties imposed by the 98th section, and that while other portions of the act give the Criminal Court of Mobile jurisdiction in respect to other penalties, this section does not. Does not this show that the Criminal Court was not omitted inadvertently in this section of the statute? The question is worthy of serious consideration. See Acts of '47-8, p. 15 § 43-44, p. 32, § 98.