## EUBANKS *vs.* THE STATE.

1. When a statute, creating an offence, describes its ingredients, an indictment under it must conform to the description thus given.
2. An indictment under the 98th section of the Revenue Act of 1848, for keeping a ten-pin alley without a license, should aver that the defendant "was engaged in the business or employment of keeping" such an establishment. The simple averment that he "did keep" one is insufficient.

Error to the Circuit Court of Pickens. Tried before the Hon. Samuel Chapman.

HUNTINGTON, for the plaintiff in error:

Under the revenue law of 1843, (Clay's Dig. 560, § 12,) no license is required for keeping a ten-pin alley, but the owner of any such alley *kept for play* is liable to an assessment of ten dollars, and upon his refusal to give in to the assessor the alley "so kept for play," the same is liable to be attached and sold by that officer for the payment of the tax. So under the act of March 1848, no license is required for the mere keeping of a ten-pin alley—a thing that may as well be kept for amusement

as a race-horse or a back-gammon board—but only for engaging about such *keeping* as a business or employment. These words "as here used are synonimous, signifying that which occupies the time, attention and labor of men for the purpose of a livelihood or profit. Business is here used in the sense of a calling for the purpose of a livelihood."—Moore v. The State, 16 Ala. Rep. 411. Such being the meaning of the words business and employment, as used in this statute, the indictment charged the defendant with no violation of it, because it did not allege, as in Moore v. The State, *supra*, that at the time specified he was engaged about the keeping of a ten-pin alley as a business or following it as an employment. The importance of such an allegation is made manifest by the case cited. In that case, the defendant was held to have been improperly convicted and fined, because the charge that he was engaged in the business of retailing, though contained in the indictment, was not supported by the proof. This court there held that a single act of retailing did not make out the offence. If therefore, in the case cited, the court below erred in directing the conviction of the party upon insufficient evidence, much more has the inferior court in the present instance erred in rendering judgment against the defendant for seventy-five dollars upon an indictment which, by reason of the same insufficiency, charges no offence.

Attorney General, for the State:

1. The statute punishing the keeping a ten-pin alley is the introduction of a new offence, and the indictment being in the terms of the statute is all that is necessary.—State v. Duncan, 9 Porter, 260; State v. Click, 2 Ala. Rep. 26.

3. The mere keeping of a ten-pin alley is within the letter of the law, whether it be played on or not. The case in 16th Ala. Rep. is not in point, for in that case the proof showed that the defendant, who was indicted for retailing, carried on another business, and had only retailed once. It is to be presumed in this case that there was ample proof before the jury that the defendant was guilty as charged.

3. Should it be considered irregular for the court instead of the jury to impose the fine, it is an irregularity of which the defendant below cannot complain, for the jury could not have assessed a lower fine than the one imposed by the court.

DARGAN, C. J.— William B. Eubanks was indicted in the Circuit Court of Pickens for keeping a ten-pin alley. Both counts of the indictment simply charge that "he did keep a ten-pin alley without a license." The defendant moved to quash the indictment, but the court overruled the motion, and the jury having returned a verdict of guilty, the court rendered judgment against the defendant. It is now contended that the court erred in refusing to quash the indictment. The 98th section of the Revenue Act of 1848 provides that each and every person engaged in or about or intending to be engaged in the following business or employment within the limits of this State shall, before he attempts to engage in or transact any such kind of business or employment, procure from the clerk of the County Court in which he intends to do such business or follow such employment a license for the same, which shall be operative for one year from the date thereof, and in default of procuring such a license, the person or persons doing such business or following such employment shall be liable to pay treble the sum required for such license, to be recovered by indictment, &c. The act then provides that fifty dollars shall be paid for a license to keep a billiard-table, fifty dollars for a pool-table, and twenty-five dollars for a ten-pin alley, &c. The general rule is, that when the statute creates a new offence, unknown to the common law, that it is sufficient to charge the offence in the language of the act.—The State v. Duncan, 9 Porter, 260; The State v. Click, 2 Ala. Rep. 26. But we think it very clear that when a statute creating an offence describes the constituents or ingredients of the crime, the indictment framed under it must allege all the constituents or ingredients necessary to the existence of the offence; otherwise it would not appear that the defendant was guilty of the crime with which he was charged.—The State v. Henderson, 1 Richardson, 179; 3 Gratt. 560. The design of the act was to tax those who might engage in any of the employments described in it, and the offence created consists in being engaged in any such business or employment without a license.—State v. Moore, 16 Ala. 411. The averment that "he did keep a ten-pin alley" is not equivalent to saying that he was engaged in the business or employment of keeping a ten-pin alley. One may keep a billiard-table or a ten-pin alley for the amusement of himself or his family, without being engaged in

keeping them as a business. or avocation. The indictment should have shown that the defendant was engaged in the business or employment of keeping a ten-pin alley without a license. As it did not, it is defective, and should have been quashed. The judgment must therefore be reversed and the cause remanded.