## CARTER vs. THE STATE. .

[INDICTMENT FOR DEALING IN OR SELLING TOBACCO WITHOUT LICENSE.]

1. *Dealer in tobacco ; word as used in the revenue law, defined.*—A dealer in tobacco, within the meaning of the revenue law—one that is required to take out a license—is a person whose business, occupation, employment or vocation, is to deal in tobacco; in other words, a tobacconist. It is not every one who sells tobacco that is required to take out a license, but only "dealers in tobacco."

2. *Same ; what sales of tobacco do not constitute a dealer in tobacco, within the meaning of the revenue law.*—One who is engaged in carrying on a general dry-goods business as a merchant, and only has tobacco in small quantities, and *by way of variety,* in his general dry-goods business, sells it by the plug, is not a "dealer in tobacco," within the sense and meaning of the revenue law, and is not, therefore, required to take out a license for that business.

3. *Same ; intent of seller, how affects his conviction.*—In such a case, the intent of the party is to be considered, and if in *bad faith,* under cover of his other business, and for the purpose of defrauding the revenue, he sells or trades in tobacco, then he should be convicted ; otherwise, not.

4. *Same ; intent, how may be proven, and by whom determined.*—The question of intention may be proven as we prove the intent of a party, where the intent to defraud enters into and is necessary to constitute the offense ; and the question of intent should be left to the jury under the evidence, aided by proper instructions from the court.

5. *Charge to jury ; what is improper in such a case.*—A charge in such a case, that "if the jury believe the evidence, they must find the defendant guilty ;" is improper ; such a charge should never be given, except in plain and palpable cases, where there is no room left for doubt.

APPEAL from the Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

The appellant, George Carter, was indicted at the spring
term, 1869, of Barbour circuit court, for " dealing in or
selling tobacco, without license, and contrary to law," &c.

The agreed facts of the case were as follows : " The de-
fendant, within the time covered by the indictment, being
engaged in carrying on his own, a general dry-goods busi-
ness, as a merchant in the city of Eufaula, in said county,
and only having tobacco in small quantities, whilst his dry-
goods business was large, by way of variety, in said dry-
goods business, sold tobacco by retail, by the plug, and
without license, and in no other way. This was all the
evidence."

Upon this evidence, the court, at the request of the
State, charged the jury, that "if they believed the evidence,
they must find the defendant guilty," to which charge de-
fendant duly excepted.

F. M. WOOD, for appellant.
JOSHUA MORSE, Attorney-General, contra.

[No briefs came into the Reporter's hands.]

PECK, C. J.—The 105th section of the revenue law
enacts, "that it shall be unlawful for any person, firm,
company or corporation to engage in, or carry on, any
business or profession hereinafter mentioned, without first
having paid for and taken out a license therefor, in the
manner hereinafter provided.

Section 112 enacts, "that the prices of licenses shall be
as follows, to-wit " : It then proceeds to state for what busi-
ness or profession to engage in, or carry on, a license must
be taken out, and among these, "dealers in tobacco" are
named. It is not every one that sells tobacco that is re-
quired to take out a license, but only " dealers in tobacco."

The language of said section 105 is, "shall engage in
or carry on any business," &c. We think the common
sense interpretation of the words "dealer in tobacco," as

here used, must mean, that it is the business of the party, his usual occupation, employment, vocation. Now, the facts agreed upon, and on which the trial was had, are, that the appellant was a general dry-goods merchant, and only had tobacco, in small quantities, and by way of variety, in his dry-goods business, sold it by the plug.

This being so, was he a dealer in tobacco, in the proper sense of this law? To my apprehension, he was not. To be a dealer in tobacco, is to be a trader, a tobacco merchant.

Was the appellant such a merchant? The evidence says he was a general dry-goods merchant. The sale of tobacco was not the principal business or employment of the appellant; it was not a principal, or even a considerable part of his business. He kept but little tobacco, and sold it in very small quantities—sold it by the plug only; no doubt, as much for the convenience of his customers in his business of a general dry-goods merchant, as for the profits he might derive from it. We think the good or bad faith of the party, should be considered in settling such questions.

If he was selling or trading in tobacco in bad faith, under cover of his other business, for the purpose of defrauding the revenue, then he should be convicted; otherwise, not. It should mainly be considered a question of intention, which may be proved and arrived at, as we arrive at the intent of a party, where the intent to defraud enters into, and is necessary to constitute an offense; and this question of intent should be left to be determined by the jury, under the evidence, in the case, aided by proper instructions from the court. But such a charge as was given in this case, should never be given, except in plain, palpable cases, where there is no room left for doubt.

Let the judgment be reversed, and the cause be remanded for a new trial.