## BRYANT *vs.* THE STATE.

[INDICTMENT FOR RETAILING WITHOUT LICENSE.]

1. *Carrying on business of retailer; what does not constitute.*—An indictment under § 111 of the Revenue Act of 1868, for being engaged in or carrying on the business of a retailer in spirituous liquors, &c., without license, is not sustained by evidence of a single sale of three pints of whisky by the defendant, who was a farmer and carpenter, without proof also of intention.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The facts appear in the opinion.

SEALS & WOOD, for appellant.—The indictment is framed under the revenue law of 1868. It is insufficient in not averring that the business was engaged in since the third Monday in March, 1869, § 111 of revenue law of 1868, (Acts 1868, p. 330.)

2. The proof shows that the whisky was sold on only one occasion, and that selling whisky was not the vocation of the defendant. No conviction could be had upon this testimony.—See *Moore v. The State*, 16 Ala.; *Carter v. The State*, 44 Ala., and cases there cited.

ATTORNEY-GENERAL, *contra.*

B. F. SAFFOLD, J.—The appellant was indicted under § 111 of the revenue act of 1868, for being engaged in or carrying on the business of a retailer in spirituous, vinous or malt liquors, without having paid for and taken out a license to engage in and carry on said business, and was convicted.

The proof was that he was a farmer and carpenter, and that on one occasion, only, he had sold three half pints of whisky. He had not obtained any license. The offense charged is altogether different from that described in Revised Code, § 3618. A retail dealer in liquors is one who sells in less quantities than a quart. § 112, 4 Revenue Act, 1868. But one act of selling would not constitute engaging in or carrying on the business, unless an intention to do so concurred with it. Such an intention was not shown in this case, but rather the contrary. The charge of the court was therefore erroneous. *Carter v. The State*, 44 Ala. 29.

The judgment and sentence of the court below are reversed and the cause remanded.