## ESPY vs. THE STATE.

[INDICTMENT FOR CARRYING ON BUSINESS OF WHOLESALE DEALER IN SPIRITU-
OUS LIQUORS, &C. WITHOUT LICENSE.]

*Wholesale dealer of spirituous liquor, in the meaning of the revenue law;
what acts do not constitute.*—A person, charged by indictment under
the revenue law of this State as a wholesale dealer in spirituous liquors,
should not be convicted, although he has no license, if the proofs only
show that he is a country merchant, keeping a variety store, a miller
and a farmer ; that the sale of spirits is a minor part of his business ;
that he only sells whisky by the quart or gallon, which is not drank on
or about his premises, and that the sale is to his customers for do-
mestic purposes.

APPEAL from the City Court of Eufaula.
Tried before Hon. E. M. KEILS.

THE appellant was tried upon the following indictment :
" The State of Alabama, ) Eufaula City Court, June Term,
Barbour County. ) 1871. The grand jury for said
county charge, that before the finding of this indictment,
Seaborn Espy, being engaged in the business of selling vi-
nous or spirituous liquors, did sell vinous or spirituous
liquors by the wholesale, without license, and contrary
to law, against the peace and dignity of the State of Ala-
bama. A. V. LEE, Solicitor,
" Barbour County, Alabama."

He was convicted, and fined forty-five dollars.
He afterwards moved, in arrest of judgment—
" 1st. That the indictment fails to charge any offense;
2d, that it fails to allege that the defendant engaged in the
business of selling whisky by wholesale ; 3d, because the
indictment fails to allege that the defendant sold whisky in
violation of law since the 3d Monday in March, 1869."

The motion was overruled, and defendant sentenced.
From the bill of exceptions, it appears that—

" The State introduced John W. Johnson as a witness, who testified that within the period covered by the indictment, the defendant, in Barbour county, had sold to him and others on a few several occasions, whisky by the quart and gallon ; that the same was never drank on or about the premises, and that the defendant would never permit it to be drunk on or about the premises. The said Johnson further testified that the defendant, prior to and while he was selling said whisky, as stated above, and since, was engaged in the business of selling goods and dealing in general merchandise as a merchant ; that he had dry goods, groceries for family use, drugs, tobacco, whisky, and a general assortment of goods ; that this was the kind of business he was engaged in, so far as his merchandising was concerned ; that the whisky kept and sold formed a very small or minor part of the business ; that it was kept by way of variety in his other business, and defendant kept and sold it, both for the accommodation of his neighbors and customers as in his other merchandising, and for profit to himself.

" The defendant then introduced F. M. Wood, who testified that he is a practicing attorney, and has been for about fourteen years; that he had, as the attorney of the defendant, been consulted by the defendant as to whether or not he would be required to take out a license, and upon the statement of the defendant as to what he desired to do in respect to selling whisky, which was in substance just what the witness Johnson stated he had done, as above, and the said Wood gave it as his legal opinion that the said defendant could sell in that way without a license, and without any violation of law. This all took place just before the selling, as testified to by said Johnson was done, and under this opinion of said Wood said defendant proceeded to sell whisky as stated.

" It was also proved that said defendant was a miller and farmer, and that the mill business and farming formed the greater part of his vocation.

" This was all the testimony in the case, and the court, upon this testimony, *ex mero motu*, and without request,

charged the jury : ' If the jury believe, from the evidence, that the defendant was in the habit of selling liquors to any one who called for them, in any quantity wanted, and that he had no license, then he is guilty as charged.' To the giving of which charge the defendant excepted.

" Defendant requested the court to give the jury the following charges in writing : ' 1st. If the jury believe, from all the evidence, that the defendant sold whisky by the quart or upwards by way of variety in his general merchandising business, and that selling whisky formed only a small part of his merchandising business, they must find him not guilty. 2d. That if the jury believe all the evidence, they must find the defendant not guilty.' Each of which charges the court refused to give, and to refusal to give each of which charges the defendant excepted. The jury having returned a verdict, the defendant moved an arrest of judgment, for the reasons stated in his motion in arrest of judgment, which motion the court overruled ; and judgment and sentence was passed on defendant, and the defendant excepted."

Overruling the motion in arrest of judgment, the charge given, and the refusal to give the charges asked, are now assigned for error.

SEALS & WOOD, for appellant.—1. The motion in arrest of judgment should have been sustained. The violation of law aimed at, is engaging in the particular business or employment mentioned in the statute, without a license ; not the mere selling or dealing occasionally in the business.—See § 3, Revenue law, and also Moore v. The State, 16 Ala.; Carter v. The State, 44 Ala., and cases there cited ; Bryant v. The State, 46 Ala. 302.

The indictment is fatally defective in two particulars— 1st, it fails to aver that the selling of the whisky took place since the third Monday in March, 1869, as required by said 3d section of the act of 1868, above cited ; 2d, it fails to state that the defendant engaged in the business of selling liquor or whisky without a license. The averment is, that defendant, being engaged in the business of selling

whisky, &c., did sell vinous or spirituous liquors without a license, and contrary to law. There is no averment that defendant was being engaged in the business without a license, and if, as the indictment charges, he was engaged in the business of selling, (not stating that it was without license,) the presumption is that he was being engaged in the business of selling whisky lawfully, and thus following a lawful business or employment, it was no violation of law to sell whisky, as alleged in the indictment, without a license. The degree of certainty required in indictments is, "certainty to a certain intent in particular." This rule is entirely ignored in the charge against the defendant.

2. The proof shows that defendant sold whisky, by way of variety in his other business, for the accommodation of his customers, and that he was advised by his attorney, whom he consulted, that he could thus sell without a license and in no violation of law; and these facts fail to make out any offense.—See *Carter v. The State*, 44 Ala. 29, and cases cited.

3. The charge of the court given on its own motion was clearly wrong. It was on the effect of the evidence, and without request; it ignored venue, and time, and intent, and in effect stated that the habit of the defendant in selling whisky made him guilty, independently of the question whether he engaged in or carried on the business of selling whisky as a wholesale dealer or a retail dealer, and this, too, in the face of the indictment, which charged, or attempted to charge, a violation of law as a wholesale dealer in whisky.—*Frank v. The State*, 40 Ala.; *Edgar v. The State*, 43 Ala.

Upon all the facts, under the indictment, each of the charges asked by the defendant should have been given, as they asserted correct propositions of law applicable to the facts of the case.—See authorities above cited.

JOHN W. A. SANFORD, Attorney-General, *contra*.—1. The indictment is not defective.—*Lillienstein v. The State*, at last term.

2. The correctness of the decision in the case of *Carter*

*v. The State,* (44 Ala. 29,) is not questioned. The language of the statute in reference to dealers in tobacco or cigars, indicates that the license was required only of those whose chief business was trading in tobacco, and not to those in whose trade it was merely an incident. But paragraph 5 of section 112 of revenue law, Acts 1868, p. 332, does not so limit the requirement of a license from those whose sole business is wholesale dealing in liquor. Any one who sells or in any way disposes of such liquor in any quantity greater than one quart, habitually or repeatedly, is a wholesale dealer. This is true, whether he sells other articles of merchandise or not. Certainly, it can not be pretended that because a person has other articles of traffic in his store, he can not be a wholesale liquor dealer. The statute includes every person who frequently sells liquor in quantity greater than a quart. The case of *Bryant,* at last term, merely decided that a single act of selling by a farmer or mechanic did not constitute the person a retailer. But *Johnson v. The State,* (44 Ala. 414,) establishes the rule, that " to constitute occupation some time is a necessary ingredient." * * * And, " if profit is the inducement, a very little time will suffice." Here it can not be doubted that the accused repeatedly sold liquor in a wholesale manner, and that profit was the inducement.

3. The record shows that the venue of the offense was proven. This court has reversed cases in which the record set out all the evidence, and proof of venue was not made, but in no instance when the proof was made, because the court in its charge did not mention the fact.

PETERS, J.—1. The motion in arrest of judgment assails the sufficiency of the charge laid in the indictment. The indictment is sufficient. It follows the form laid down in the Revised Code. These forms have been repeatedly held sufficient by this court.—Rev. Code, p. 811, No. 30 ; *Elam v. The State,* 25 Ala. 53 ; *Gabriel v. The State,* 40 Ala. 357. The motion in arrest of judgment was, therefore, properly overruled.

2. It is quite obvious that the charge given by the court,

35

*ex mero motu*, is a charge upon the effect of the evidence. It was given without being "required to do so by one of the parties."—Rev. Code, § 2678. This is error.—*Edgar v. The State*, 43 Ala. 312.

3. It is also very evident that the law under which this indictment is presented was not intended to prevent the sale of spirituous, vinous or malt liquors, but only to raise a revenue from their sale when engaged in or carried on as a "business."—Pamph. Acts 1868, p. 329, § 105; ib. p. 330, § 112; ib. p. 331, cl. 4; ib. p. 332, cl. 5. The construction given to this statute in the case of *Carter v. The State*, 44 Ala. 29, and in *Johnson v. The State*, 44 Ala. 414, is not so narrow as that given by the learned judge in the charge above set forth. The offense here charged is a misdemeanor.—Rev. Code, §§ 3541, 3542; Pamph. Acts 1868, p. 330, § 111. The limitation of prosecution for misdemeanors is twelve months next after the commission of the offense.—Rev. Code, § 3952. Then, the time covered by the indictment is twelve months next before the date of its presentment to the court. To sell whisky on a "few several occasions" within a period of twelve months, could not be justly esteemed the being engaged in or carrying on of the business of a wholesale dealer in the business of selling whisky. The proof does not show that it was the purpose of the accused to engage in the business of a wholesale dealer of spirituous liquors in the sense of the statute. Yet this was one of the facts necessary to be shown, before he could have been convicted. To do a thing on a "few several occasions" within twelve months, without any proof that the acts were consecutively done, is not sufficient to prove a habit. There is no proof of habit in the evidence, except the number of times the whisky is sold. These sales might have been spread out over a period which could have raised no just presumption of that frequency necessary to create a habit. The charge of the court, then, was faulty in being broader than the evidence. Such charges separate themselves from the evidence, by extending beyond it, and giving it a force not justly due to it. A merchant who keeps a variety store, and sells such

articles, of all kinds, as his neighbors need, could hardly be denominated, in any strictness of language, a wholesale dealer in spirituous liquors, because he sells, during a twelve months, several quarts or gallons of whisky to his customers, which are not drank upon, or near the premises. The gains thus derived are not freed from taxation. They are subject to be taxed as the profits and income on his other wares.—Pamph. Acts 1868, p. 305, § 13. The proof is, that the sales were never less than a quart, and the whisky was not permitted to be drank on the premises, or about them. This, then, did not make the vendor a retailer under the Revised Code.—Rev. Code, § 2618, and cases there cited. The statute is not intended to cut off all trade with a country merchant in spirituous liquors for domestic purposes, nor to forbid the people to use spirits for domestic purposes, but to impose a tax, by way of license, on the sale of such articles, for purposes of revenue, when the sale as "a business" was engaged in and carried on in a particular way. It is not a prohibitory liquor law, nor intended to operate as such, nor to compel all vendors of spirits to pay for and take out a license, but only those of a particular character. This distinction would not have been made, had it been the purpose of the legislature to include all. Where there is a specific enumeration, those not mentioned are intended to be excluded. This is the construction adhered to in *Carter v. The State*, 44 Ala. 29, *supra*. The charge of the learned judge was too broad, and was calculated to mislead the jury. His substitution of the word *habit* for the word *business*, is scarcely legitimate. If doing a thing once or twice is not illegal when so done, its repetition can not make it illegal, unless the law forbids the repetition and the habit thus created. Before the vendor can be made guilty under this statute, the selling must be done with the purpose of carrying it on as a business. When this is the purpose, the quantity sold makes no difference as to guilt, but only as to the grade of guilt and the *quantum* of the punishment.

Under this construction of the statute, both the charges asked by defendant below should have been given.

The conviction and judgment of the court below are reversed and the cause remanded, and the defendant, said Seaborn Espy, will be held to answer the charge against him until discharged by due course of law.