## Harris v. The State.

### Indictment against Retailer for Violation of Revenue Law.

1. *Sufficiency of indictment.* — An indictment under the revenue law of 1868 (Sess. Acts 1868, pp. 329–31, §§ 111, 112), for carrying on the business of a retailer without a license, must allege the place at which the business was carried on.

2. *"Engaging in or carrying on business;" what constitutes.* — To "engage in or carry on any business," within the meaning of the revenue law, is to pursue an occupation or employment as a livelihood, or as a source of profit; but it is not necessary that it should be the party's sole occupation or employment. It is a question of intention for the determination of the jury.

FROM the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

The indictment in this case charged, that the defendant "did engage in and carry on the business of retailing spirituous, vinous, and malt liquors, in said county, without a license, and contrary to law; against the peace," &c. The defendant pleaded not guilty, was tried on issue joined on that plea, was found guilty by the jury, and fined one hundred and fifty dollars. After conviction, he moved in arrest of judgment, on account of the insufficiency of the indictment, in not specifying the place where he carried on the said business of retailing, whether in the country or in an incorporated city or town. The court overruled the motion in arrest, and the defendant excepted to its ruling.

The evidence adduced on the trial, as appears from the bill of exceptions, showed that the defendant lived on a plantation in said county, cultivated a part of the land himself, and rented out the balance; that he kept tobacco, whiskey, bacon, &c., on the place, which he sold mostly to his tenants, and sometimes to other persons; that he sold whiskey, on several occasions, in quantities less than a quart, and that he had no license. "The court charged the jury, that if they found the defendant guilty of engaging in and carrying on the business of retailing spirituous liquors, although it should also appear that he was engaged in farming, the fine could not be less than three times the price of a license, which was fifty dollars for retailing spiritous liquors in a place not an incorporated town or city." The defendant excepted to this charge, and requested the court, in writing, to instruct the jury as follows :

" If the jury find, from the evidence, that the defendant's usual occupation, employment and business was that of a planter, or cultivator of the soil, and that he bought whiskey and provisions, and sold them for the accommodation of his laborers or tenants, and that the selling of the liquor was only an incident to his main business, then the defendant cannot be found guilty under this indictment, although he might be found guilty under an indictment charging him with retailing without license." The court refused this charge, and the defendant excepted to its refusal. " The court charged the jury, also, as follows : ' If you find, from the evidence, that the defendant had in his possession whiskey in such quantity as a small barrel, and, on several occasions, sold whiskey to the witnesses by the quart or smaller quantity ; and that persons on the plantation, and others, bought whiskey from him by the quart or smaller quantity, — then you may find that he engaged in and carried on the business of retailing.' " To this charge, also, the defendant excepted.

The overruling of the motion in arrest of judgment, the charges given, and the refusal of the charges asked, are now assigned as error.

WATTS & WATTS, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The 105th section of the revenue law of 1868 declares it unlawful for any person to engage in or carry on any business or profession, for which a license is required by that law, without first obtaining and paying for such license ; and section 111 declares it a misdemeanor, punishable by fine to three times the amount required to be paid for a license, to engage in or carry on any business, for which a license is required, without first obtaining it ; while the fourth subdivision of section 112 declares, that any person selling or disposing of spirituous, vinous, or malt liquors, in any quantity less than a quart, is a retail dealer. This last section also fixes the amount to be paid for a license for carrying on the business of a retailer, varying the price according to the place at which the business is pursued. Pamphlet Acts 1868, pp. 330–31, §§ 105, 111, 112.

The offence charged against the defendant is purely statutory, and its constituents are all described in the statute creating it. The established rule of criminal pleading is, that when a statute creates an offence, and describes its ingredients, an indictment under it must conform to the description thus given. *Eubanks* v. *State*, 17 Ala. 181 ; *Pettibone* v. *State*, 19

[Harris *v.* State.]

Ala. 586 ; *Skains & Lewis* v. *State*, 21 Ala. 218. Subjected to this rule, the indictment against the defendant is fatally defective. The place of the retailing is a material ingredient of the offence charged against him. The penalty he must pay, on conviction, varies according to the character of the place. It is not assessed by the jury, nor has the court any discretion in its imposition. The statute imperatively prescribes it. If the retailing was on a steamboat, or other watercraft, the amount of the license is one hundred and seventy-five dollars; if in an incorporated city, town, or village, of more than one thousand, and less than five thousand inhabitants, the amount of the license is seventy-five dollars; if of more than five thousand inhabitants, two hundred dollars; and if in the country, fifty dollars. On a general verdict of guilty under this indictment, what fine will be imposed by the court ? It must vary according to the place of the retailing ; and that is a fact not averred in the indictment, and, of consequence, not embraced in the finding of the jury. Or suppose the defendant pleads " guilty in manner and form as charged in the indictment," what judgment shall the court render ? In either case, if this indictment could be sustained, the court could render judgment for the highest, or lowest, or any one of the fines imposed by the statute, and no revising court could say there was error. Nor can this defect in the indictment be cured by any finding of the jury. Their finding must respond to the allegations of the indictment, and the finding of any fact not embraced in these would be mere surplusage, which the court could not regard.

The case of *Hirschfelder* v. *State* (18 Ala. 112) is decisive of the question presented. The statutes of this State, though simplifying the rules of the common law as to criminal pleading, have not dispensed with the degree of certainty as to the description of the offence which the common law required. Certainty to a common intent is still necessary. The facts constituting the offence must be stated, in concise and ordinary language, in such a manner that a person of common understanding will know what was intended, and the court on conviction will be enabled to pronounce the proper judgment. Rev. Code, § 4112. A general form of indictment, like that here presented, would not with any degree of certainty inform the accused what was intended. The only information it affords him is, that he is accused generally of carrying on the business of retailing without license. Where the retailing was, whether on board a watercraft, or in a town, or in the country, he must spell out, not from the indictment, but from his own knowledge of the business in which he has been engaged. The court, on conviction, is left to grope in the dark — to guess

[Lemons v. State.]

what fine shall be imposed, and what judgment rendered. The court erred in overruling the motion in arrest of judgment.

2. The language of the indictment, in this respect pursuing the words of the statute, is, " did engage in or carry on the business of retailing spirituous, or vinous, or malt liquors," &c. The words, " engage in or carry on business," have been of frequent use in the revenue laws of this State ; and when found in the connection in which they are found in the statute of 1868, have been uniformly construed as signifying " that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." *Moore* v. *State*, 16 Ala. 411 ; *Eubanks* v. *State*, 17 Ala. 181 ; *Carter* v. *State*, 44 Ala. 29 ; *Bryant* v. *State*, 46 Ala. 302 ; *Espy* v. *State*, 47 Ala. 533. It is the business, the occupation, or profession, on which the law imposes the tax, and from which it has power to derive a revenue. Has that business been engaged in and pursued by the defendant for a profit, or as a means of livelihood ? If it has, he should have obtained a license to pursue it, and, failing to do so, is a violator of the law. It is not necessary that it should be the sole or exclusive business or occupation. It may be pursued while pursuing another business, or in connection with another ; and, in either case, the party would be punishable. It is true, the doing of a single act, pertaining to a particular business, will not be considered engaging in or carrying on the business ; yet a series of such acts would be so considered. The true inquiry is, and one which a jury will seldom fail correctly to solve, what was the intent of the party ? Was it to derive a profit, or the means of livelihood, from retailing, or from any of the other occupations mentioned in the statute ? If it was, he is guilty ; if it was not, he should not be convicted. An observance of this rule will enable the court, on another trial, to properly instruct the jury. Some of the charges given and requested are offensive to it ; but it is not necessary to notice them in detail.

The judgment is reversed, and the cause remanded. The defendant will remain in custody, until discharged by due course of law.