# Childs v. The State.

*Indictment for Retailing, &c., under Revenue Law of 1868.*

1. *Indictment under Revenue Law of 1868; sufficiency of.* — An indictment for a violation of § 111 of the Revenue Law of 1868, pursuing the Code form for the kindred offence of retailing without license, and setting forth, in addition, that the business was carried on in a place " not an incorporated city, town, or village," is not bad on demurrer for uncertainty or insufficiency, nor because it charges that the defendant " *was engaged* " in the business of a retailer, instead of charging that he " *did engage* " in such business.

2. *Practice; error without injury.* — Declining to decide upon a demurrer to the indictment until the testimony is closed is a practice not to be encouraged ; but such a ruling is not ground for reversal when it appears that the defendant, represented also by counsel, first pleaded not guilty, and then demurred, and afterwards had the benefit of all the points raised on demurrer, on motion in arrest of judgment.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. J. McCALEB WILEY.

The indictment in this case, which was returned and filed in the circuit court of Randolph, omitting caption, &c., charged that before the finding thereof, Simeon W. Childs " *was engaged in* the business of retailer of spirituous, vinous, or malt liquors, in a place not an incorporated city, town, or village, in said county, without license and contrary to law, against the peace," &c., &c.

The defendant first pleading not guilty, interposed a demurrer to the indictment, — 1st, because it did not charge that the business was done at any place ; 2d, because it fails to charge in what quantities the liquor was sold ; 3d, because it is vague and uncertain ; 4th, because the charge " *was engaged in* " is not equivalent to " *did engage in.*"

The court, on its own motion, against the objection and exception of the defendant, declined to determine the demurrer until the evidence was closed, and the State then introduced testimony that in the county, within twelve months before the finding of the indictment, defendant sold liquor in quantities less than a quart and suffered it to be drank about his premises, &c., whereupon the court overruled each ground of demurrer, and the defendant duly excepted. After verdict the defendant moved in arrest of judgment on the same grounds as shown in the demurrer, but the court overruled his motion and sentenced him, and the defendant duly excepted.

C. D. HUDSON, for appellant. — The demurrer should have been sustained. The words " *was engaged* in " are not equivalents of those used in the statute. The defendant is entitled to a reversal because of the singular action of the court upon the demurrer. This court cannot see that appellant was not

[Childs v. State.]

injured by the refusal to decide upon his demurrer until after the evidence was closed. 47 Ala. 15.

JOHN W. A. SANFORD, Attorney General, *contra.* — The delay in deciding the demurrer did not injure appellant. He had the benefit of the same questions on motion in arrest of judgment. *Johnson's case,* referred ,to, is not similar to this.

MANNING, J. — The prosecution is under § 111 of the Revenue Act of December 31, 1868. It enacts that any person who " *shall be engaged in* or carry on any business," for which license is required, without having obtained one, &c., shall be deemed guilty of a misdemeanor, &c.

The words " *shall be engaged* " is the passive form of the verb, and is equivalent to saying, in the active form of it, *shall engage.* In the same passive form, the indictment responsively affirms that defendant " *was* engaged in the business," &c. This is correct and sufficient. See *Eubanks* v. *The State,* 17 Ala. 181.

According to §§ 4114, 4115, and 4121, of the Revised Code, and Form No. 30, p. 811, in the kindred offence of retailing without license, the indictment is not obnoxious to the other causes assigned, of demurrer.

It appears by the bill of exceptions that while the cause was before the court, the judge declined to decide the questions made by the demurrer " until the evidence was closed, against the objection and exception of the defendant." This was a departure from correct practice, and ought not to be indulged in. But as the judgment entry shows that defendant came " in person and by counsel, and for plea says he is not guilty, and also demurred to the indictment," &c., it appears that defendant himself did not observe the right order of filing a demurrer before he filed his plea. It appears, also, by the record, besides that, the demurrer was overruled, that defendant had the benefit of the same points sought to be made by it, on a motion in arrest of judgment, and so sustained no injury.

The judgment of the court below is affirmed.