# Weil *et al v.* The State.

*Indictment for Engaging in Business without License.*

1. *License, for "engaging in business;" when required.* — It is an essential inquiry in prosecutions for "engaging in, or carrying on business" without license, whether the defendant intended to derive — either directly or indirectly — a profit or means of livelihood from the acts imputed to him. If so, a license is necessary, whether such profit was realized or not.

2. *Same.* — A single act pertaining to a particular business will not constitute the "engaging in or carrying on" the business; yet a series of such acts will.

3. *Charge to jury; what erroneous.* — A charge to the jury to convict, if they believe the evidence, is erroneous, if any material fact is to be inferred and is not a conclusive presumption from such evidence.

4. *Penalty on conviction for engaging in business without license.* — The penalty on conviction for engaging in business without license, under the Revenue Law of 1868, is three times the annual license, and not three times the amount of license from the date of the act done to the end of the year.

APPEAL from Marengo Circuit Court.
Tried before Hon. L. R. SMITH.
The facts are stated in the opinion.

J. T. JONES, for appellants.

J. W. A. SANFORD, Attorney General, with whom was R. H. CLARKE, *contra.*

BRICKELL, C. J. — The appellants were indicted in the circuit court of Marengo, for violation of the Revenue Law of 1868. The allegation of the indictment is, that without license, they engaged in, and carried on the business of wholesale dealers in spirituous or vinous liquors. On the trial, but one witness was introduced, and he proved that the defendants were engaged in the business of selling goods and dealing in general merchandise, as merchants in the city of Demopolis, a place of less than five thousand inhabitants. In their store they had dry goods, groceries for family use, whiskey, and a general assortment of goods, — whiskey forming but a small part of the stock. In December, 1873, they sold about $2,500 worth of goods, and sold and disposed of one barrel of whiskey, — one third of which was sold and about two thirds given away. The sales were to customers in quantities not less than a quart, though any person not a minor could have purchased. Because of the quantity given away, no profit was derived from the sales. Whiskey was given only to those trading in the store. The whiskey was kept for variety, and to accommodate the customers of the defendants. These are the material facts, and the evidence of them was undisputed. The court at the request of the solicitor charged the jury, if they believed the evidence, the defendants were guilty. To this charge the defendants reserved an exception.

The Revenue Law of 1868 declares it unlawful for any person to engage in or carry on any business or profession thereinafter mentioned, " without first having paid for and taken out a license therefor." Subsequent sections enumerate the profession or business required to be licensed, fix the price, and declare the mode of obtaining license. Vending spirituous liquors by wholesale or retail is a business for which a license is required. Any person who shall engage in, or carry on any business enumerated, without license, is guilty of a misdemeanor, subject to a fine of three times the amount of the license, and to imprisonment at the discretion of the court.

It is manifest the purpose of the statute is to derive revenue from particular pursuits or occupations. A mere vending of spirituous liquors, in a single instance, or the doing any single act pertaining to any of the enumerated pursuits or occupations, does not require license. It is only when there are repeated and continuous acts, that it can be said the business has been carried on, or engaged in, within the meaning of the statute. The words of the present statute, " engage in, or carry on business," were first introduced into the revenue laws of this State by the law of 1848. They became the subject of judicial construction in Moore v. State (16 Ala. 411), which was an indictment charging the defendant with having engaged in, or

carried on the business of retailing spirituous liquors, without license. The evidence was that the defendant, being a butcher, had, in a single instance, sold five cents' worth of whiskey. The court declaring the evidence would not warrant a conviction, defined the words, " engaged in, or carried on business," as follows : " The terms business and employment as here used are synonymous, signifying that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit. Business is here used in the sense of a calling for the purpose of a livelihood." The decision was followed in *Eubanks* v. *State* (17 Ala. 181), in which it was held, that an averment in an indictment that a defendant " did keep " a tenpin alley was insufficient. To constitute a violation of the revenue law, the averment should have been that he engaged in or carried on the business of keeping a tenpin alley. The court say : " One may keep a billiard-table, or a tenpin alley for the amusement of himself or his family, without being engaged in keeping them as a business or employment." In the case of *Harris* v. *State*, January term, 1874, in discussing the point involved in this case, the court accepted the definition of the words " engage in, or carry on business," expressed in *Moore* v. *State*, *supra*, and said : " It is the business — the occupation or profession — on which the law imposes the tax, and from which it proposes to derive a revenue. Has that business been engaged in, and pursued by the defendant for a profit, or as a means of livelihood ? If it has, he should have obtained a license, and failing to do so, is a violator of the law. It is not necessary that it should be the sole or exclusive business or occupation. It may be pursued while pursuing another business, or in con; nection with another, and in either case the party would be punishable. It is true, the doing a single act pertaining to a particular business will not be considered engaging in, or carrying on the business, yet a series of such acts would be so considered. The true inquiry is, and one which a jury will seldom fail correctly to solve, what was the intent of the party ? Was it to derive a profit, or the means of livelihood from retailing, or from any of the other occupations mentioned in the statute ? If it was, he is guilty ; if it was not, he should not be convicted." Whether actual profit is derived from the acts imputed to the defendant, and which are supposed to be evidence of his having engaged in, or carried on a business, is not a material inquiry. There is no business which may not be so conducted as not to yield a profit. The inquiry is, was it the purpose to derive profit? It may be that profit was not expected from the particular business, but from some other business, which the particular business would increase, and by increasing, the profits would be enlarged. If in the case at bar

[Thrower *v.* State.]

the appellants kept and sold spirituous liquors, in quantities of a quart or more, they would be guilty as charged in the indictment, if from the keeping and sale of liquors, they did not expect a profit otherwise than by an increase of their sale as general dry goods merchants. It is not essential that vending spirituous liquors should have been the principal business of the defendants. It is enough, that it was carried on by them in connection with another business and as an adjunct to such business.

The court, at the request of the solicitor, charged the jury, if they believed the evidence, they should find the defendants guilty. A charge of this kind should be but seldom, if ever, given in any criminal case. It is an invasion of the province of the jury in any case, civil or criminal, unless the evidence is clear, positive, and undisputed. If the evidence is circumstantial, or any material fact is to be drawn as an inference, and is not a legal presumption from it, such a charge is erroneous. In this case, the true inquiry is, what was the intent of the appellants in the acts supposed to be evidence of their being engaged in, and carrying on the business of wholesale dealers in spirituous liquors? That intent, it was the province of the jury to deduce from the evidence. However irresistible the inference may have seemed to the court from the evidence, the jury should have been left free and unrestrained in pronouncing their verdict on it. In giving this charge, the court erred.

The court did not err in sentencing the defendants to pay three times the amount of the annual license, instead of three times the sum they would have been compelled to pay for a license from the time of the sales proved to have been made to the expiration of the fiscal year. The fine imposed by the statute is three times the amount required for an annual license.

It is not necessary to review the several charges requested by the appellants. It is not probable that, on a future trial of the case, they will be requested in their present form.

The judgment is reversed and the cause remanded.