# Gillman v. The State.

*Indictment for Keeping Theatre without Revenue License.*

1. *Engaging in, or carrying on, business of keeping theatre; what constitutes.—* A person who, being the owner of a two-story building, offers for rent, for use as a theatre, a room or hall in the upper story, containing a small stage and dressing room, which might be used for small dramatic exhibitions, but had never used it as a theatre, nor let it to another to be so used, cannot be convicted of "engaging in, or carrying on, the business of keeping a theatre," under the provisions of the revenue law.

FROM the Circuit Court of Dallas.
Tried before the Hon. GEO. H. CRAIG.

PETTUS, DAWSON & TILLMAN, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The indictment in this cause, found at the Fall term, 1875, of the Circuit Court, charged that appellant "did engage in, or carry on, the business of keeping a theatre" at Selma, "without first having paid for and taken out

a license therefor." The evidence is, that, being engaged in other business, appellant was owner of a building in Selma, the lower rooms of which were used as stores for the sale of goods, and an upper room, or hall, hired out from time to time for suppers, concerts, public lectures and speaking, political meetings, dances, and balls given therein. This was the use to which this upper room was generally put, when used at all. In the fall of 1875, appellant caused to be built, at one end of this room, a stage, and dressing rooms at the sides, and some curtain scenery to be put up, so as to make it suitable for dramatic performances. But the stage and rooms were very small for such a purpose; and a partner in the confectionery business of appellant, who said he was familiar with appellant's affairs, testified that he did not recollect that any dramatic entertainment had been given in it, up to the time of the finding of the indictment. Another witness for the State testified, that on behalf of a lodge of masons, he, late in October, 1875, hired this room of appellant for a few days, with the intention that they should use it in giving entertainments therein for the raising of money for charitable purposes; and that among other methods of amusement, on one of the evenings during that time, some of the persons residing in Selma, without any professional player among them, for the benefit of the masons, performed a dramatic piece; that admission fees were paid by those who attended such entertainments; that appellant had no interest in the said dramatic performance, did not issue any ticket of admission to any person thereto, had no control over the hall during that time, and was not informed, when the room was hired by him, that any dramatic representation would be given. He testified further, that there were no boxes, orchestra, or gallery in said room or hall; that the stage "was very small—too small, he thought, to accommodate such travelling theatrical or dramatic companies as visit Selma; and that he never knew or heard of said hall being used by any of said companies." No witness was introduced for the defendant; and all of the witnesses for the State testified, that he had never, to their knowledge, engaged in, or carried on, the business of keeping a theatre.

Upon this evidence, the judge, among other things, charged the jury, that if it was shown by the evidence, beyond a reasonable doubt, that within twelve months before the finding of the indictment, and in the county of Dallas, the defendant owned, or had control and possession of a hall or room, and rented it, or offered it for rent, to be used as a theatre, they might find him guilty; which charge was excepted to, on behalf of defendant. The judge below refused

to give to the jury a charge in writing, asked on behalf of defendant, as follows : "The proof must show, beyond all reasonable doubt, that E. Gillman" (the defendant) " did, prior to the finding of the indictment in this case, engage in, or carry on, the business of keeping a theatre, before they can find him guilty as charged."

The charge given by the circuit judge imports, that although no theatrical performance had ever been exhibited in the room or hall referred to, yet, if the defendant "offered it for rent to be used as a theatre," he was guilty. Although it might not be necessary, in a business of this sort, to show the series of acts which must, according to the case of *Weil v. The State* (52 Ala. 19), and other and older cases in this State, be proved, in order to establish the charge that a defendant "did engage in, or carry on, the business" of retailing spirituous liquors; yet certainly it cannot be held, that a person "did engage in, or carry on, the business of keeping a theatre," who only offered a room for rent, to be used as a theatre, if he had in fact never used it, or let it to another to be used for that purpose. A mere intent, or endeavor to violate a law, is not punishable in such a case as this, without an act done, or omitted to be done, by which the offense is consummated. This portion of the charge is, therefore, erroneous.

It was error also to refuse the charge to the jury, asked on behalf of defendant, as above recited. The very matter to be tried, and which was presented in the indictment by the brief and concise charge it contained, was embraced in the instruction asked and refused ; and the evidence in the cause afforded a just foundation for it. Indeed, it seems to us, in view of the whole case as set forth in the bill of exceptions, that it would not have been erroneous in the circuit judge to have instructed the jury, as requested, that if they believed the evidence, they should find the defendant not guilty.

The judgment of the Circuit Court is reversed, and the cause remanded.