## Koopman v. The State.

### Violation of Revenue Law.

1. *Engaging in or carrying on business, within the meaning of the revenue law.*—One who, without license, engages in the business of selling liquor in quantities of a quart or more, is a wholesale liquor dealer within the meaning of the law, and guilty of a violation of its provisions, though the liquor was kept and sold by way of variety merely, "rather to accommodate regular customers than for profit, and constituted a minor part of a general merchandise business,"—if thereby the dealer intended to reap a profit, directly or indirectly in his business.

2. *Same; indictment, when bad.*—An indictment which charges merely that the defendant engaged in or carried on the business of a wholesale liquor dealer at a specified place, against the peace, &c., is fatally defective; to constitute a charge for violation of the revenue law, it should aver that the business was carried on without license.

APPEAL from the Circuit Court of Cullman.

Tried before Hon. LOUIS WYETH.

Appellant, Koopman, was convicted under an indictment which charged, that before the finding thereof, "he did engage in the business of a wholesale dealer in spirituous, vinous, or malt liquors, in a town of less than one thousand inhabitants, against the peace and dignity of Alabama." Having reserved exceptions to the refusal of a charge requested, he brought the case here by appeal. This charge is set forth in the opinion.

H. L. WATLINGTON, for appellant.

H. C. TOMPKINS, Attorney-General, *contra*.

MANNING, J.—This was intended to be a prosecution of appellant, under the revenue law, for being engaged in and carrying on contrary to its provisions, the business of a wholesale dealer in spirituous, vinous, or malt liquors. Defendant was found guilty, and sentenced to pay a fine therefor.

A bill of exceptions was taken setting forth that an excep-

[Koopman v. The State.]

tion was reserved to the refusal of the circuit judge to charge the jury at request of defendant, that if they "believed from the evidence that the defendant was engaged in a general merchandise business, and kept whiskey for sale merely as a variety of his stock, and rather to accommodate his regular customers than to derive profit, and as a minor part of his business, the defendant should not be convicted, unless they also believe that he was using his general merchandise business as a mere cloak for his real intent to engage in the business of a wholesale dealer in whiskey." The meaning of this charge is, that defendant should be found "not guilty" unless dealing in whiskey was a principal part of his business. The charge was properly refused.

In *Weil v. The State*, 52 Ala. 19, we held that it was not essential to the violation of the provisions of the revenue law on this subject, that the vending of the liquors specified should be the principal business of defendant. The inquiry should be—was it his purpose to derive profit therefrom? "It may be" (said BRICKELL, C. J.,) "that profit was not expected from the particular business, but from some other business which the particular business would increase, and by increasing, the profits would be enlarged. If . . . appellants kept and sold spirituous liquors in quantities of a quart or more, they would be guilty as charged in the indictment, if from the keeping and sale of liquors they did not expect a profit otherwise than by an increase of their sales as general dry goods merchants." The charge refused by the circuit judge was directly in conflict with the doctrine thus laid down.

But the judgment must be reversed for a reason not assigned, or urged for appellant. It was intended to prosecute him for engaging in the business of selling liquors of the kind specified, without having paid for and obtained a license as required by the revenue law. But there is no allegation in the indictment that he had not paid for and obtained the license; no averment showing that he had done any thing contrary to that law. There is consequently no foundation for the judgment of the circuit court, which must be reversed, and the cause remanded.