[Grant v. The State.]

# Grant *v.* The State.

73　13|
112　76|

*Indictment for engaging in or carrying .on the Business of Distilling Spirituous Liquors without a License.*

1. *Section 4274 of Code construed; what constitutes engaging in or carrying on a business.*—To "engage in or carry on any business," within the meaning of section 4274 of the Code of 1876, making it a misdemeanor to engage in or carry on any business for which a license is required, without having first taken out such license, is to pursue such business for a profit, or as a means of livelihood. ·Whether it is one's sole business, or is merely auxiliary to ·some other vocation, is entirely immaterial, the important inquiry being the intent of the party, which is generally, under proper instructions from the court, a question for the determination of the jury.

2. *Same; distilling liquors without a license.*—Where a defendant, indicted for engaging in or carrying on the business of distilling spirituous liquors without a license, was seen "three or four or five times" engaged in distilling rum, this was sufficiently frequent to authorize the jury to infer that the defendant engaged in or carried on the *business* of distilling.

3. *Same.*—That the appliances used by the defendant· in distilling were unscientific, and ill adapted to the purpose, is not material, except as illustrative of a stronger or weaker probability of an illegal intent —an intent of making a livelihood or of reaping a profit.

4. *Same.*—The distillation of rum from the refuse syrup obtained from boiling sugar cane does not constitute an exception to the statutory. prohibition.

APPEAL from Geneva Circuit Court.

Tried before Hon. H. D. CLAYTON.

Larkin Grant, the defendant in the court below, was indicted, tried and convicted for engaging in or carrying on · the "business of distilling spirituous liquors otherwise than by the distilling of fruits, without a license," etc. As recited by the bill of exceptions, "the State proved that, in the winter of 1881, three or four, or five different times the defendant was seen at a certain place near his dwelling in Geneva county, engaged in boiling the skimmings produced from making syrup from sugar cane; that he had a common syrup kettle with a wooden top or covering; that he had a gun barrel and a wooden tube connected together, and extending from said.kettle, into which it was inserted at one end, and to a barrel at the other; that there was produced by said process of boiling a liquid which the defendant and others called rum, which was tasted by the witness, who testified that it tasted bad, and that it would produce drunkenness. Witness further testified that he had seen

[Grant v. The State.]

a still and·described one, and further testified that the kettle and other fixtures above described was not a still. This was all the evidence in the case. The defendant asked the court in writing to charge the jury, that if they believed from the evidence that the defendant only used a common syrup kettle with wooden top, and with a gun barrel as a worm, extended by a piece of wood tube, and the only material that he was using, was the skimmings of the syrup while they were making syrup, then the defendant would not be guilty of distilling within the purview of the law." The defendant also asked the court in writing to charge the jury, that if they believed the evidence, they should find the defendant not guilty. Both of these charges were refused, and the defendant duly excepted.

The refusals to charge as requested are here assigned as error.

W. D. ROBERTS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The statute requires a license to be taken out, by January 15th of each year, by all persons who *engage in or carry on the business* of distilling -liquors in this State, unless such liquors be distilled from *fruits*.—Code (1876), §§ 490, 494, subd. 5. A violation of this law is made a misdemeanor, punishable by a fine three times the amount of the State license.—Code, § 4274.

It has been many times decided by this court, that "the doing of a single act pertaining to a particular business will not be considered engaging in, or carrying on the business, yet a series of such acts would be so considered."— *Weil v. The State*, 52 Ala, 19 ; *Martin v. The State*, 59 Ala. 34.

To "engage in, or carry on any business," within the meaning of this statutory provision, is to pursue any occupation or employment "for a profit, or as a means of livelihood." Whether it is one's sole business, or is auxiliary to some other vocation, is entirely immaterial. The important inquiry is the *intent* of the party, which, under proper instructions from the court, must generally be a question for the determination of the jury.—*Harris v. The State*, 50 Ala. 127 ; *Weil's case*, 52 Ala. 19 ; Clark's Cr. Dig. § 778 ; Clark's Cr. Law, § 1219.

The evidence shows that the defendant was seen to be engaged " three or four, or five different times," in the act of distilling *rum*—a species of spirituous liquor—by a sort of rude process. That his appliances used for this purpose were unscientific, and even ill adapted to the end in question, is not material, except as illustrative of a stronger or weaker probability of illegal intent. If the mere imperfection of the

[Kenan v. The State.]

machinery used in violating the law should be adjudged an excuse for crime, a premium would be placed upon artifice, and few offenders could ever be brought to justice in the courts of the country. The material used was not *fruit*, which is the sole article authorized by the statute to be used for distilling purposes. The defendant is shown to have distilled the rum from the *refuse* syrup obtained from boiling sugar cane, which is no exception to the statutory prohibition. These acts on the part of the defendant were legal or illegal according to the *intent* with which they were done. They were sufficiently frequent to authorize the jury to infer that the defendant was engaging in, or carrying on the *business* of distilling spirituous liquors from other material than fruit. If this was done with *the intention of making a livelihood or of reaping a profit*, it was a violation of the statute under consideration.

The charges asked were properly refused, because they withdrew from the jury all consideration of the question of intention.

Affirmed.