# Lemons & Martin *v.* The State.

*Indictment against Retailer for Violation of Revenue Law.*

1. *Carrying on business of retailing spirituous liquors ; what constitutes.* — Under an indictment for carrying on the business of retailing spirituous liquors without a revenue license (Sess. Acts 1868, pp. 329–30, §§ 105, 112), a conviction may be had on proof that the defendant, " on a few several occasions, sold case whiskey in quantities less than one quart," and that he had no license.

[Lemons v. State.]

2. *Liability of partners and partnership for violation of revenue laws.* — Where two persons are jointly indicted for carrying on the business of retailing spirituous liquors without a license, a joint fine may be assessed against them, if they acted as a firm in carrying on the business, or a separate fine against each, if they acted individually.

3. *Conviction for retailing spirituous liquors, under indictment for violation of revenue law.* — Under an indictment for carrying on the business of retailing spirituous liquors without a license, in violation of the provisions of the revenue law of 1868, a conviction may be sustained for retailing without a license, under section 3618 of the Revised Code.[1]

FROM the Circuit Court of Dale.
Tried before the Hon. J. McCALEB WILEY.

F. M. WOOD and JOHN D. ROQUEMORE, for the defendants.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — The indictment in this case contained two counts. The first count charged, that the defendants in the court below, as retail dealers in vinous or spirituous liquors, did unlawfully evade, or attempt to evade, a compliance with

---

[1] The following are the head-notes of this case, as prepared by Chief Justice PETERS, and heretofore published : —

"1. An indictment for retailing, under the 4th clause of the 112th section of the revenue law of 1868, may be sustained on evidence that the defendants sold whiskey, or other spirituous liquors, within the time alleged in the indictment, in quantities less than a quart, without a license. Acts 1868, p. 329, § 105; Ib. 331, § 112, cl. 4.

" 2. The fine in such a case is double the price of the license. Rev. Code, § 3652.

" 3. On such an indictment for a violation of the revenue law, the defendants may also be found guilty of any offence which is necessarily included in the one charged. Rev. Code, § 4199.

" 4. This would justify a conviction under section 3618 of the Revised Code, for retailing without license; and such a conviction will be sustained, if the fine is not more than five hundred dollars."

The principle stated in the second of these head-notes, as applicable to this case, is incorrect. The indictment was founded on the revenue law of 1868, the 111th section of which is in these words: "*Be it further enacted,* That any person who, after the third Monday in March in 1869, shall be engaged in, or carry on, any business or profession, or do any act, for the doing, prosecuting, or carrying on of which a license is by law required to be taken out, without having paid for and taken out such license, shall be deemed guilty of a misdemeanor, and shall be fined *three* times the amount of such license; and may be confined in the county jail, not exceeding one year, at the discretion of the court." Sess. Acts 1868, p. 330, § 111. Under this section, which certainly repeals section 3652 of the Revised Code, the amount of the fine assessed against the defendants was correct, without reference to section 3618 of the Revised Code. Besides, the last (136th) section of the revenue law of 1868 expressly repeals " all laws or parts of laws, of a general or special character, except those enacted for municipal purposes, upon the subject of taxation in this State."

Moreover, on the authority of the case of *Harris* v. *The State,* at the present term (*ante*, p. 127), the indictment was fatally defective, because it did not aver the *place* at which the business was carried on.

As no brief has come to the hands of the reporter, he cannot tell whether the attention of the court was specially directed to these points; and he adds this note, lest the opinion may mislead. — REP.

the revenue laws of the State. Under this count, the court below charged the jury, that the evidence was insufficient to convict. This count need not, therefore, be further noticed. The second count, on which the defendants below were convicted, was in these words, omitting the term of the court: " The grand jury further charge, that, before the finding of this indictment, James Lemons and John F. Martin did, after the 1st day of January, 1873, aforesaid, carry on, or engage in carrying on, the business of retail dealers in vinous or spirituous liquors, without having paid for and taken out a license as such retail dealers in vinous or spirituous liquors in said county, and contrary to law; against the peace and dignity of the State of Alabama."

The acts above charged constitute an offence, which subjects the party or parties committing them, if found guilty, to punishment. Section 105 of the " act to establish revenue laws for the State of Alabama," approved December 31, 1868, declares, " That it shall be unlawful for any person, firm, company, or corporation, to engage in or carry on any business or profession hereinafter mentioned, without first having paid for and taken out a license therefor, in the manner hereinafter provided." Acts 1868, pp. 297, 329, § 105. The 112th section of the same act then prescribes the prices of licenses and the businesses and professions in which they shall be required. The 4th clause of this section prescribes, " For *retailers* in spirituous, vinous, or malt liquors, on any steamboat or watercraft, one hundred and seventy-five dollars; in any place not in an incorporated city, town, or village, fifty dollars; in any incorporated city, town, or village, of more than one thousand, and less than five thousand inhabitants, seventy-five dollars; in any city of over five thousand inhabitants, two hundred dollars. *Any person who shall sell or dispose of* spirituous, vinous, or malt liquors, in any quantity *less than one quart*, shall be deemed a retail dealer." Acts, *supra*, p. 331, § 112, clause 4.

The admitted evidence in this case, as set out in the bill of exceptions, which consists of agreed facts, is in these words: " That within the time covered by the indictment, and in said county, the defendants sold, on a few several occasions, *case whiskey* in quantities less than one quart; that defendants, during the time, were merchants and partners in said county, doing the business of general merchandising at Barnes' Cross Roads;" " that defendants had no license." This was clearly a violation of the statute above quoted. The court so charged. There was no error in this.

Upon this charge, the defendants were found guilty by the jury, and a fine was assessed against them for one hundred and

[Higginbotham v. State.]

fifty dollars; and judgment was rendered against them jointly, for this amount. The offence charged in this indictment is a misdemeanor, and the fine is fixed by law at double the amount of the required license. Rev. Code, § 3652. The retailing charged was at "Barnes' Cross Roads." It does not appear that this was an incorporated city, town, or village. If the offence is committed in any place not in an incorporated city, town, or village, then fifty dollars is the price of the license. The defendants should have been fined double this sum, that is, one hundred dollars; jointly, if they sold the spirits as a *firm* composed of themselves as partners; or one hundred dollars each, if they sold the spirits as the individual members of a partnership, and not as a firm. A *firm* can take out the license, and the members of the *firm*, as partners, may be jointly found guilty, and fined jointly, if they act in that capacity. The jury can only impose such fine as the law directs. For this reason, a conviction under the clause of the act above quoted must be governed as to the fine imposed under that act.

But, in this prosecution, it appears that the retailing was in quantities less than a quart, without a license. This is an offence under section 3618 of the Revised Code, which is necessarily included in that which is here charged. On conviction for such a violation of the criminal law, a fine may be imposed of not less than fifty nor more than five hundred dollars. Rev. Code, §§ 4199, 3618. Then, the fine imposed is not improper under the included offence.

The judgment is, therefore, affirmed.