## SANDY G. GRAHAM v. THE STATE.

PRIVILEGE TAX. *"Dealer in pistols."* Sale by pawnbroker. Code 1892, §§ 3399, 3401.

A licensed pawnbroker, who, as a mere incident to his usual business, in a solitary instance, sells, for re-imbursement, a pistol taken in pledge, is not a *dealer* in pistols, within the meaning of § 3399, code 1892, imposing a privilege tax on such a dealer, and for such sale he is not punishable under § 3401, imposing penalties for doing business without the required license.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

By § 3399, code 1892, a privilege tax of $100 was imposed "on each person or firm dealing in pistols or dirks, or sword-canes or other deadly weapons, shot-guns and rifles excepted." By § 3401 it is provided that any person who shall exercise

any of the privileges enumerated in the chapter on privilege taxes, without first paying the tax and procuring license as required, shall, on conviction, be fined not less than double the tax imposed on such privilege, or shall be imprisoned in the county jail not more than six months, or both.

Appellant was indicted for selling a pistol without having paid the requisite privilege tax, the indictment alleging that at the time he was a merchant and pawnbroker, dealing in pistols and other merchandise. The case was tried on an agreed statement of facts, from which it appears that the appellant, while duly licensed as a pawnbroker, took the pistol from a customer as security for a loan of three dollars, payable thirty days thereafter; that the loan was not repaid, and that appellant, after keeping the pistol several months, sold it for an amount sufficient to re-imburse him. The court refused all instructions asked by the defendant, and he was found guilty by the jury, and, after motion for new trial overruled, appeals.

*Dabney & McCabe* and *W. E. Mollison*, for appellant.

The evidence is wholly insufficient to warrant a conviction. A dealer is one who makes a business of buying and selling. He is the middle man between the producer and the customer of the commodity. 5 Am. & Eng. Enc. of Law, 123. The evidence in this case shows a single sale. That does not constitute the seller a dealer. *Cooper* v. *Ferguson*, 113 U. S., 727.

Surely a citizen owning a pistol may sell it without paying a privilege tax. A dealer in them may give a deed of trust upon his stock to secure a debt, and the trustee may foreclose the deed of trust by a sale without paying a privilege tax. An insolvent dealer in such articles may make an assignment for creditors, and his assignee may sell them for the purpose of paying the assignor's debts without paying the privilege tax. If the contention of the state is correct, all such sales would be unlawful.

The business of pawnbroker is recognized by law, and has existed from time immemorial, and his business is taxed. If he cannot receive articles and sell them without paying in each case a separate privilege tax, such as is imposed on dealers in such articles, his business is destroyed. A pawnbroker is not engaged in buying and selling any thing; he buys nothing, but merely sells to enforce his security. The conviction should be set aside.

*Frank Johnston*, attorney-general, for the state.

The question presented on this appeal is entirely new, and its construction depends upon the interpretation of the policy and general object of the statute. If its purpose be to discourage the sale of deadly weapons, then a pawnbroker who accepts them in the usual course of his business and sells them, is dealing in these articles. If it be an ordinary revenue statute, applicable only to those persons who buy and sell the articles enumerated, then it would not apply to the present case. It seems that the main purpose and policy of the statute is to discourage the sale of deadly weapons. If so, the appellant is rightly convicted. Could a pawnbroker sell liquor taken in pledge without paying a liquor dealer's license?

Argued orally by *Frank Johnston*, attorney-general, for the state.

WOODS, J., delivered the opinion of the court.

The remarkably concise and lucid agreed statement of facts in the record before us shows no amenability in the appellant as a violator of § 3399, code 1892. There is no evidence that he was a dealer in pistols. He was not engaged in buying and selling pistols, so far as the transcript discloses the facts. He was a licensed pawnbroker, and, as an incident, a solitary incident, to that business, he took a pistol in pledge for repayment of a small sum loaned his customer. The loan not

having been repaid at its maturity, he sold the pledge; he resorted to his security for payment of his debt, and in this he committed no offense.   May one not sell a pistol which, for any reason, he may wish to dispose of without subjecting himself to the penalty denounced against unlicensed dealers in pistols—persons engaged in the business of buying and selling pistols?   May not a man lend his neighbor a dollar, and take a pistol in pledge for repayment of his loan?   And may he not lawfully dispose of the pledge in order to repay himself, if necessary?   *A fortiori,* may not the licensed pawnbroker, in a solitary instance, and as an incident in the management of his business, do the same thing?

We express no opinion as to the liability of pawnbrokers where the evidence shows an effort to evade the statute on their part; as, for example, where they habitually acquire and keep pistols, and offer the same for sale, just as other dealers in like goods usually do in their business.   It will be soon enough to determine this question when we have a case presented which requires its adjudication.   We confine ourselves to the case in hand.

The evidence was insufficient to support the verdict, and the peremptory instruction asked for defendant below should have been given.

*Reversed and remanded.*