# Morningstar *v.* The State.

*Indictment for Carrying on the Business of a Dealer in
Pistols without a License.*

1. *Pawnbroker; sale of pistols does not constitute him a dealer requiring license.*—One who has taken out and paid for a State and county license as a pawnbroker, has authority to sell pistols which have been lawfully pawned to him, and in making such sale he is not carrying on the business of a dealer in pistols in such sort as makes it necessary for him to take out a license as required by the statute (Acts of 1900-1901, p. 2630, subdivision 63); and the fact that such sale of pistols lawfully pawned is made at private sale contrary to the provisions of the statute, (Code, §§ 3246, 3247) does not convert the pawnbroker into an unlicensed dealer.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appeal in this case is prosecuted from a judgment convicting the appellant, Henry Morningstar, for having engaged in or carrying on the business of a dealer in pistols without a license. The facts of the case are sufficiently stated in the opinion.

FITTS, STOUTZ & ARMBRECHT, for appellant, cited *Abel v. State*, 90 Ala. 633; *Weil v. State*, 52 Ala. 19; *Graham v. State*, 71 Miss. 208; 5 Am. & Eng. Ency. Law, 123; *Carter v. State*, 44 Ala. 31; *Manassas Club v. Mobile*, 121 Ala. 563.

CHAS. G. BROWN, Attorney-General, and R. H. & N. R. CLARKE, for the State.—The evidence clearly warrants a conviction, since it shows a sale at a profit, with the intent and readiness to make other sales of the same character.—*Harris v. State*, 50 Ala. 127; *Weil v. State*, 52 Ala. 19; *Koopman v. State*, 61 Ala. 70; *Abel v. State*, 90 Ala. 631 *Keller v. State*, 123 Ala. 94, 98.

The statutes of Alabama require a pawnbroker to sell

at public auction after notice.—Code of 1896, chapter 88, §§ 3245, 3246.

HARALSON, J.—The defendant was indicted for having engaged in or carried on the business of a dealer in pistols without a license.—Acts 1900-1901, p. 2630, subdiv. 63.

1.  To engage in or carry on a business, within the meaning of the statute, is to pursue an occupation or employment as a livelihood, or as a source of profit. *Harris v. State,* 50 Ala. 127; *Weil v. State,* 52 Ala. 21.

Doing a single act, pertaining to a particular business, will not be considered, as has been held, engaging in or carrying on the business, yet a series of such acts would be so considered.—*Lemons v. State,* 50 Ala. 130; *McPherson v. State,* 54 Ala. 224. However, as has again been held, a single act may be sufficient to constitute an "engaging in or carrying on the business," according to the intent with which the act is done, and other proof in the case. If a party makes all the necessary preparations to carry on the business, holds himself out for the business, solicits trade, and makes one sale, intending to continue the busines, he is engaged in or carrying on the business, within the meaning of the law.—*Abel v. State,* 90 Ala. 633. In the case before us, the evidence for the State tends to show that defendant had a place of business and sold a pistol to Charlie Mason for five dollars, and afterwards at the same place offered to sell him another for eleven dollars. The evidence of the defendant, himself, showed that he sold other pistols. The motion of defendant to exclude the evidence of said Mason, because illegal and irrelevant, was, therefore, properly overruled.

2.  The defense relied on by defendant was that he was a pawnbroker, and as such had taken out a license and paid the State and county for the same for the year in which the act for which he was indicted occurred. He proved, and his evidence is uncontradicted, that he did not sell or offer for sale any pistol except such as had been taken in pawn by him as a pawnbroker; that he dealt in no other kind; that he did not buy pistols to sell, nor order any from elsewhere for sale, and kept only

such as came to him in pawn; and now and then he sold one on which he had made a loan and which had not been redeemed; that in such cases he sold the article privately for all he could get out of it, provided it was what he had loaned on it, and for a profit on it, if he could. He further stated that he sold at private sales because the parties who negotiate loans sign an agreement to that effect.

Under this undisputed evidence, the act of selling the pistol with which he is charged, and any others he may have sold, was incident to defendant's business as pawnbroker for which he was licensed. Under that license he was authorized to sell any articles which might be lawfully pawned, even if in dealing in them without such a license, he would be required to take out and pay for a business license to sell them. A dealer in shoes, clothing, jewelry or pistols, must, to carry on his business, procure a license; but a regularly licensed pawnbroker may take in pledge such things and sell them, and such sales would be covered by his pawnbroker's license. *Mayor & Aldermen of Tuscaloosa v. Holczstein,* 134 **Ala.** 636; *Graham v. State,* 71 Miss. 208; *Etterman v. Silverfield,* 56 S. W. Rep. (Tenn.) 1023. If this were all, the general charge as requested by the defendant should have been given.

3. It is said, however, that it is required by statute in this State that sales by pawnbrokers must be at public auction after five days' notice by advertisement in a newspaper published in the city or town where the pledge was made, of the time and place of sale, etc., and that sales made contrary to the provisions of this statute are void, and the pledge may be recovered by the borrower.—Code, §§ 3246, 3247. A sufficient answer to this suggestion is found in the fact that the defendant is prosecuted for having engaged in or carried on the business of a dealer in pistols without a license, and not for a violation of said sections of the Code.

The court erred in giving the general charge for the State, and in refusing a like charge for defendant.

Reversed and remanded.