(79 South. 150)

### BRAXTON v. CITY OF SELMA.
(2 Div. 180.)

(Court of Appeals of Alabama. June 29, 1918.)

LICENSES ⬤═40 — OFFENSES AGAINST LICENSE LAWS—ENGAGEMENT IN "BUSINESS."

Railroad's section hand, who, under orders from foreman, employed laborers to take places of those who had left employment, held not to have violated city ordinance prohibiting engagement without license in business of seeking to induce laborers to remove from city, out of state; "business" meaning employment occupying time, attention, and labor for purpose of livelihood.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business.]

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

John Braxton, on complaint of the City of Selma, was convicted of engaging in the business of seeking to induce laborers to remove from the city to another place outside of the state without first procuring license, in violation of an ordinance, and he appeals. Reversed, and judgment rendered discharging defendant.

Mallory & Mallory, of Selma, for appellant. Leo Leva, of Selma, for appellee.

BRICKEN, J. The appellant was tried and convicted upon a complaint charging him with engaging in the business of seeking to induce laborers or other persons to remove from the city of Selma to another place outside of the state of Alabama without first procuring a license to carry on such business, and in violation of an ordinance of the city of Selma, entitled:

"An ordinance to prescribe and fix licenses for businesses, occupations, professions, trades and exhibitions in the city of Selma, Alabama."

The trial was had upon an agreed statement of facts. The facts may be stated to be these: The appellant was regularly in the employ of the Louisville & Nashville Railroad Company, as a section hand, and performed work in that capacity along its line between Selma, Ala., and Pensacola, Fla. Just prior to his arrest for the offense charged against him, and for which he was tried, he came to Selma with other employés of the railroad company, upon a pass issued to him and a stated number of persons whose names were not shown on the pass. His superior, the section foreman of the railroad company, instructed him that should any of the employés accompanying him to Selma on the pass, not return to their work, to employ other laborers to take their places, if possible, but not to employ any one who at the time was in the service of any one else.

The only position which the appellant held with the railroad company was that of section hand, and for services rendered by him as such he was paid, and not paid for obtaining labor, nor were his wages based upon the amount of labor he should obtain. While on his visit to Selma, the company paid his wages as a section hand, but not otherwise. And while in Selma he learned that some of the employés who accompanied him on the pass would not return, and, acting under the instructions of his section foreman, he employed other laborers in the city of Selma to take the places of those not returning, to perform labor as section hands outside of the city of Selma. He had no license from either the city of Selma or the state of Alabama as a labor agent.

We feel no hesitancy in holding that the facts do not show that appellant was engaged "in the business of seeking to induce laborers or other persons to remove from the city of Selma in violation of the ordinance," as charged in the complaint against him.

The term "business," as used both in the complaint and in the ordinance, means that employment which occupies the time, attention, and labor of the person engaged, for the purpose of a livelihood or profit. It is his calling for the purpose of a livelihood. An occasional act of business is for the time being the man's business who does the act, but the ordinance requiring the license which the appellant failed to obtain has reference

to a regular and legal employment, and not one that is occasional, irregular, or illegal.

As said in Moore v. State, 16 Ala. 411, it is the business—the occupation or profession—on which the law imposes the tax and from which it proposes to derive a revenue. Has that business been engaged in, and pursued by the appellant for a profit, or as a means of livelihood? The facts answer this question affirmatively, No.

In Stephenson v. Primrose, 8 Port. 155, 33 Am. Dec. 281, it is said:

"The term 'business,' in common parlance, means that employment which occupies the time, attention, and labor. That which a man occasionally engages in, as opportunity offers, or inclination prompts, is, for the time being, his business; yet, so far as the question we are examining is concerned, the law uses that term to indicate a regular and legal employment, not one that is occasional, irregular, or illegal."

In Joseph v. Randolph, 71 Ala. 506, 46 Am. Rep. 347, where the question involved was the recovery of $250, paid by plaintiff to Randolph, judge of probate of Montgomery county, for a license under an act entitled "An act to amend an act to require a person who employs, or in any way engages, laborers in the counties of Dallas, Perry, and other counties therein named, for the purpose of removing said laborers from the state, to pay a license tax," approved February 2, 1879 (Laws 1880-81, p. 162), it is said:

"Single acts are not licensed, but only a series of acts prosecuted with the intention of 'reaping a profit or making a livelihood.' Harris' Case, 50 Ala. 127; Weil's Case, 52 Ala. 19."

Other quotations might be indulged, but these will suffice to show that the appellant was not engaged in the business of seeking to induce laborers in violation of the ordinance fixing licenses for businesses, occupations, etc.; nor was the employing of laborers by him his occupation. See, also, the following cases: Martin v. State, 59 Ala. 34; Weil v. State, 52 Ala. 19; McCreary v. State, 73 Ala. 480; Shiff v. State, 84 Ala. 454-457, 4 South. 419; Morningstar v. State, 135 Ala. 66, 67, 33 South. 485.

It appearing, on the undisputed facts, that the appellant was not guilty of any offense, the judgment of conviction is reversed, and one will be here rendered discharging the defendant.

Reversed and rendered.