(95 South. 563)

### KARTHAUS v. STATE. (8 Div. 63.)

(Court of Appeals of Alabama. March 6, 1923.)

**1. Auctions and auctioneers ⬳4—An isolated act in connection with jewelry business not engaging in business of "selling at auction."**

An isolated act in the conduct of one business of retail jeweler is not the engaging in the business of "selling at auction" so as to require a license therefor.

**2. Auctions and auctioneers ⬳4—No license required for sales for decedent's estate by executors.**

The sale by an executor being for purpose of settling decedent's estate, it is unnecessary that the advertisement of sale be signed by him as executor to bring him within the exemptions of License Schedule, Acts 1919, pp. 396, 411, Schedules 2, 51.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Fred Karthaus was convicted of carrying on business without a license, and he appeals. Reversed and rendered.

Spragins & Speake, of Huntsville, for appellant.

The sale was an executor's sale, exempt from the payment of license. Acts 1919, p. 396. The statute has reference to regular and legal employment, not to an occasional act. 16 Ala. App. 476, 79 South. 150. When a license to do a general business has been paid, another license cannot be exacted for the doing of a particular act. 143 Ala. 506, 39 South. 297.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The fact of payment of a license by the auctioneer did not exempt the defendant. 30 Ala. 515; 21 Ala. 571. The one act of defendant was sufficient to constitute carrying on the business. 90 Ala. 631, 8 South. 760.

BRICKEN, P. J. From a judgment of conviction under a complaint charging the defendant with having engaged in or carrying on a business, viz. an auction sale, without having first taken out and paid for a license therefor, he appeals.

The cause was submitted to the court without a jury, upon an agreed statement of facts, which are as follows:

"It is agreed that the facts of this case are as follows: At the time of the alleged offense defendant was engaged in the retail jewelry business at Huntsville, Madison county, Ala.; the business being conducted under the name and style of E. Karthaus' Sons. Defendant was owner of an undivided interest in said business, and the other interests therein were owned by the estates of Carrie A. Karthaus, deceased, and Frank Karthaus, deceased. The defendant was executor under the wills of said Carrie A. Karthaus and Frank Karthaus and as such executor had authority to sell the personal property of said estates at public or private sale. Within 12 months before the beginning of the prosecution and while said business was being so conducted, defendant caused to be inserted in Huntsville newspapers advertisements of a special auction sale to be conducted at said place of business in order to reduce the stock for the purpose of settling the debts of said estate. Said advertisements were in the name of E. Karthaus' Sons, and were not signed by the defendant as executor of said estates or either of them. Prior to the said sales, defendant had agreed to purchase the interest of the other heirs in said estate in said property and other property, a purchase price having been agreed on, and defendant had possession of the stock of goods; but said purchase price had not been paid, and the sale was had in order to reduce the stock and raise money and to settle said estate and consummate said purchase, and settlements of said estates had not been made.

"Pursuant to said advertisements and at the time stated therein, auction sales of articles in and of said stock took place from day to day, within certain hours, at which times the articles sold were sold at public outcry to the highest bidder in good faith; the sales being conducted by one J. L. Hand, a duly licensed auctioneer, in the usual course of such auctioneer's business. Said Hand had taken out and paid for proper auctioneer's license in said county at the time of making said sales, and in making said sale or sales represented the defendant and the other owners of said stock of goods. Defendant did not himself conduct said sale, although present thereat; said stock was not sold in bulk or as a whole, nor so offered for sale, but said auctioneer only offered for sale and sold specific articles constituting part of said stock."

From this statement of facts it clearly appears that the judgment of conviction was improperly and erroneously rendered against this appellant.

[1] In the first place, the material averment in the complaint that "the defendant

did engage in or carry on a business of auction sale" fails for want of proof. Under the facts agreed upon, it affirmatively appears to the contrary, and that the defendant was engaged in the retail jewelry business. On this proposition the case of Braxton v. City of Selma, 16 Ala. App. 476, 79 South. 150, is conclusive, and the question needs no further elaboration. Under the principles announced in the Braxton Case, supra, it clearly appears that the appellant did not engage in or carry on the business of auction sales as contemplated by law, and it affirmatively appears that "selling at auction" was not his business. The one isolated act referred to in the agreed statement of facts was a mere incident in the conduct of his business as a retail jewelry dealer, and, as stated therein, as executor of the estates of his deceased partners.

[2] For this reason, too, it appears that the prosecution is without merit, as the statute itself (Acts 1919, p. 411, Schedule 51) under which this charge was brought, expressly excepts executors when selling the goods of their decedent. It is of no moment that the advertisements of the sale in the Huntsville newspapers, referred to in the agreed statement of facts, were not signed by defendant as executor of said estates or either of them, for the undisputed testimony shows that the sale complained of was had for the specific purpose of settling the debts of said estates, and this fact of itself would bring the defendant within the terms of the proviso or exception contained in Schedule 51, supra.

The appellant, under the agreed facts, was also acting within his rights under the express provisions of Schedule 2 of the "License Schedule," Acts 1919, p. 396. It is there provided that—

"(a) Sales for the estate of a decedent by the personal representative, or his agent, according to law or by the provisions of the will, may be made at public outcry * * * without license."

The question as to the auctioneer who actually conducted the sale being licensed or not is not involved, and the insistencies of counsel pro and con on this matter need not be considered. It does appear, however, that the auctioneer who conducted the sale for defendant was duly licensed as the law requires.

Under the facts of this case the defendant acted within his rights under the law.

The judgment of conviction pronounced against him was erroneous, and is reversed. And as no conviction can be had upon the acts of the defendant complained of, a judgment will be here entered discharging the defendant from further custody. Defendant discharged.

Reversed and rendered.