(111 So. 760)

### BROWN et al. v. STATE. (2 Div. 373.)

(Court of Appeals of Alabama. March 22, 1927.)

Arthur M. Pitts, of Selma, for appellants.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The appellants composed a partnership under the firm name of Coca-Cola Bottling Company, and as such were indicted for having used a one ton Ford truck upon the public roads of Marengo county without first having taken out and paid for a license therefor, in the alleged violation of "a rule, regulation, or law of the court of county commissioners of said county, etc."

The cause was heard and determined by the court, without a jury, upon an agreed statement of facts. The court found the defendants guilty, and assessed a joint fine of $10 against them. Judgment was rendered accordingly.

The judgment pronounced and entered here is not in accord with the statutes regulating judgments in criminal cases. Code 1923, § 5290. This judgment as it appears in the record partakes more of a judgment in civil matters. However, from the view we take of this case, this is immaterial. The insistence of appellants that the finding and judgment was void because a joint fine was assessed cannot be sustained. As stated, the defendants were indicted as a partnership, and were convicted as such, and, where this appears, such finding is valid. Lemons & Martin v. State, 50 Ala. 130. In that case the Supreme Court said:

"A firm [partnership] can take out the license, and the members of the firm, as partners, may be jointly found guilty, and fined jointly, if they act in that capacity."

The case of Perry et al. v. State, 149 Ala. 40, 43 So. 19, cited by appellant to sustain their insistence in this connection, is not in point. In that case it is apparent that the defendants acted as individuals, and, where this appears, a separate fine should be assessed.

It is not necessary, in the decision of this case, to decide whether or not the act complained of in this indictment is made penal under the ordinances of the court of county commissioners in question. It does not clearly so appear, and there may be merit in the insistence that the court of county commissioners for Marengo county failed to make it a misdemeanor for a person to operate a vehicle upon the public roads without taking out a vehicle license, except as provided in section 2, and that section applies only to vehicles (designated) "whose aggregate weight, including loading, is more than nine thousand pounds."

Under the agreed statement of facts this conviction cannot stand, for it affirmatively appears that the defendants, before operating the truck in question, did take out, and pay for, a license for said truck, as required by the Acts of 1923, p. 291, which act provides as follows:

"The registration fee or license tax herein required to be paid on motor vehicles *shall be in lieu of all other privilege or license taxes* which the state, or any county or municipality thereof might impose, where the motor vehicle is used by the owner. Provided that any county may levy and collect for the purpose of maintaining the public roads, bridges and ferries of the county a license tax not to exceed one-half of the state license tax *on motor vehicles used for hauling timber, lumber or minerals over the roads of said county.*" (Italics ours.)

As stated by appellants' counsel in their brief:

"It can be readily seen by this provision of the acts of the Legislature of 1923 that it was the intention of the Legislature that motor vehicles used by the owner would be exempt from a vehicle tax passed by any county. In the act of 1915 in exempting motor vehicles to the owner, the word 'private use' was used in said act. In the acts of 1923 it is provided that all motor vehicles which were used by the owner are exempt, except it is the right of the county to pass a motor vehicle tax and collect the same on motor vehicles used for hauling timber, lumber, or minerals over the roads of the county. This last part of the act of 1923 clearly shows that motor vehicles used by the owner for any other purpose than that so specified cannot be charged a vehicle tax by any of the counties in the state. The agreed statement of facts clearly shows that the motor vehicle truck used by the defendant in this case was used by the owner of such truck in the delivery of soft drinks, and that no charge was made for the delivery of such soft drinks. It is true that the agreed statement of facts shows that one Asa B. Glass operated the truck, but it also shows that he was the employee of the owner, paid a salary, and delivered the soft drinks on the motor vehicle. This does not do away with the use of a motor vehicle by the owner any more than if the owner had a chauffeur, and the automobile was used by the owner, being driven by the chauffeur in transporting him and his family."

We are of the opinion, and so hold, that the vehicle tax, as passed by the court of county commissioners of Marengo county, does not apply to a motor vehicle used, as the agreed statement of facts in this case shows the Ford truck in question was used, on the roads in Marengo county. This is decisive of the material point in issue upon this appeal, and, as no conviction can be had or sustained under the agreed facts upon which this case was tried, a judgment will be here entered reversing the judgment of conviction appealed from, and a judgment is rendered in favor of the appellants discharging them from further custody under these proceedings.

Reversed and rendered.