149 So. 855

## JONES v. STATE.
### 6 Div. 281.

Court of Appeals of Alabama.
March 21, 1933.

Rehearing Denied April 11, 1933.

Thos. E. Knight, Jr., Atty. Gen., Frontis H. Moore, Asst. Atty. Gen., and Judge & Nesmith, of Birmingham, for the State.

BRICKEN, Presiding Judge.

This prosecution was commenced by affidavit and warrant issued through the efforts of the license inspector for Jefferson county, for violation of the revenue law. The specific charge is that the defendant engaged in the business of selling wares, merchandise, or other personal property, such sale being advertised as a fire sale without first procuring a license therefor as required by schedule 51 of section 361 of an act to provide for the general revenue of the state of Alabama, approved September 15, 1919 (Gen. Acts 1919, p. 411).

The case was heard and determined in the court below upon an agreed statement of facts. As thus shown by the record the facts are as follows: "That the defendant herein is and was an officer and manager of Clark and Jones Piano Company and was such at the time the things mentioned occurred and as such was arrested by the License Inspector of Jefferson County, Alabama, as provided by the laws of the State of Alabama, for the failure of Clark and Jones Piano Company to pay a license fee in accordance with Schedule 51 of the Revenue Laws of the State of Alabama of 1919, the said schedule remaining in force and effect as of this date; that on, to-wit, the 5th day of April, 1931, a fire occurred in the place of business conducted by Clark and Jones Piano Company on Third Avenue in the City of Birmingham, Jefferson County, Alabama; that the estimated loss sustained because of fire and water damage to the stock of merchandise on hand in said place of business at the

F. D. McArthur, White E. Gibson, and Basil A. Wood, all of Birmingham, for appellant.

time of fire was estimated at $28,000.00, based on the price paid for said merchandise by Clark and Jones Piano Company; that Clark and Jones Piano Company had theretofore paid all State and County licenses for the year 1931, for the privilege of engaging in the business of selling pianos, radios, talking machines and talking machine records; that these items of merchandise were the only items in the said place of business at the time of said fire and are the only items sold by the said Clark and Jones Piano Company; that after said fire and before the said warrant was issued for the arrest of said Roy Jones, Clark and Jones Piano Company did advertise for sale the merchandise on hand at the time of said fire at reduced prices, and did advertise such sale as a fire sale, without having paid the license provided for in Schedule 51 of the Revenue Law of 1919; that no new merchandise was added by Clark and Jones Piano Company, to the stock on hand at the time of fire, between that time and the time the warrant was sworn out by the License Inspector and that no damaged goods were sold except such as were damaged at said fire; that a substantial part of the stock of merchandise on hand at the time of fire was greatly damaged by fire and water, and such stock was advertised for sale at reduced prices due to damage by fire and water; that no new merchandise other than that on hand at the time of fire was offered for sale, nor was any such merchandise advertised for sale."

The cause was tried by the court below without a jury. The defendant was convicted as charged and from the judgment of conviction pronounced and entered this appeal was taken.

On this appeal we are requested to decide but one question only; this question being as to whether or not the facts of this case as proven are sufficient to support a conviction under the provisions of schedule 51, supra. We are informed by the respective parties that the case was tried below as a test case, on the point of decision involved, and all other questions are withdrawn. The sole insistence, of appellant, on this appeal is that the facts proven are not sufficient to support the conclusion reached by the court and the conviction of this appellant.

 The question involved is one that to our minds requires no extended discussion. We are of the opinion that the conviction of this appellant under the facts was erroneous. He should have been promptly discharged by the lower court from further custody in this proceeding.

To our minds the undisputed facts disclosed, not that appellant engaged in the business as complained, but that in a legal and legitimate way he was closing out a business for the engaging in and conducting of which he had duly and legally been licensed in every way necessary or as required by law to carry on.

The term "engaged in business" has been defined so frequently by the appellate courts of this state and by other competent authorities, we deem it unnecessary to enter again into a prolonged discussion on this point. Certainly, but little could be added to what has already been said in this connection. Rowe v. State, 19 Ala. App. 602, 99 So. 748. 749; Harris v. State, 50 Ala. 127; Braxton v. City of Selma, 16 Ala. App. 476, 79 So. 150; Allgood, State Auditor, v. Parker et al., 21 Ala. App. 273, 107 So. 326; Karthaus v. State, 19 Ala. App. 136, 95 So. 563.

In the case of Rowe v. State, supra, it is held that before a conviction for crime shall be permitted to stand, there must be proof, under the required rules, sufficient to establish the corpus delicti. The complaint in the Rowe Case, charged that the defendant Rowe "did assist in the engaging in the business of hiring or soliciting laborers," etc. and the discussions of law as to what constitutes "engaging in the business" are applicable to the instant case.

The opinion in the Rowe Case held: "In the first place the term 'engage in business' as expressed in the statute, supra [Acts 1919, p. 187], has a well defined meaning in law. It means that employment which occupies the time, attention, and labor of the person so engaged in business. That which a man occasionally engages in, as opportunity offers, or inclination prompts, is, for the time being his business; yet the law uses that term to indicate a regular and legal employment, not one that is occasional, irregular, or illegal. Stephenson Case, 8 Port. 155, 33 Am. Dec. 281. This, in contradistinction to a single act."

The case of Braxton v. City of Selma, supra, is based upon the complaint alleging that defendant Braxton "was engaged 'in the business of seeking to induce laborers or other persons to remove from the city of Selma,' * * *" and the facts showed that in the one instance proven, this was the effect of the defendant's acts; and it was held that the rule of law set out above applied, and that the isolated act complained of was insufficient to support the conviction of "engaged 'in the business of,' " etc.

In the case of Allgood v. Parker, 21 Ala. App. 273, 107 So. 326, the statement of the facts involved are identical with the instant case, up to the point of the payment of the license. Parker paid under protest the tax under schedule 51, section 361, Acts 1919, page 411, for conducting a sale of his property after its damage by fire. In the action, he sought a refund under section 375 of the same acts, page 445, and was granted a refund on the same theory of law herein

412

stated, that the isolated act of selling did not evidence the engaging in the business of conducting a fire sale or fire sales. This case is in point and a direct authority for the conclusion herein announced.

We have noticed with interest the "memorandum opinion," by the trial judge, incorporated in the record. This opinion deals with several points of decision, here pretermitted, as stated, upon the mutual request of respective parties. However, upon the point involved, the court in said memorandum opinion said: "It is equally important for the regulatory purposes of the statute, that the required affidavit be made by those engaged in a regular business, who sometimes put on fire sales, as it is for temporary or transient dealers. The whole purpose of the regulation might be avoided, and a merchant might put on a fire sale every week, simply because he was a continuous dealer; the opportunities for unfair practices, to which fire sales are unusually susceptible, equally inhere in fire sales held by continuous dealers, the same as transients and temporaries." We are unable to discover the applicability of this statement by the trial judge, to the case at bar, and to the sole point involved. The question here is not what might or could happen in certain instances (hypothesized). The question here is, Do the facts disclosed by the undisputed evidence bring the appellant within the terms of the statute alleged to have been violated? To our minds they clearly do not and we are of the opinion that the court below erred in holding otherwise. The judgment of conviction pronounced against the defendant was erroneous, and is reversed. As no conviction can be had upon the acts of the defendant complained of in this case, a judgment will be here entered discharging the defendant from further custody. Defendant discharged.

Reversed and rendered.