166 So. 811

## AZAR v. STATE.

### 3 Div. 783.

Court of Appeals of Alabama.
Jan. 14, 1936.

Rehearing Denied Feb. 4, 1936.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

Schedule 51, § 361, of the general revenue laws of the state, Acts 1919, pp.

282, 411, has been the subject of construction by this Court and the Supreme Court. Karthaus v. State, 19 Ala.App. 136, 95 So. 563; Braxton v. City of Selma, 16 Ala.App. 476, 79 So. 150; Jones v. State, 25 Ala.App. 410, 149 So. 855; Id., 227 Ala. 400, 149 So. 857; State v. Kartus (Ala.App.) 162 So. 538[1]; Id., 230 Ala. 357, 162 So. 541. In the Jones Case, supra, Bricken, P. J., held the defendant not to be liable, and the Supreme Court on certiorari held to the conclusion reached by this court. In the Kartus Case, supra, the writer speaking for the court held the defendant to be liable and stated that the Kartus Case was differentiated from the Jones Case, and on certiorari this view was upheld. The decision in the Kartus Case was based upon a state of facts which made the defendant liable as one engaged in a business for which a license was required, and in the Jones Case, supra, the defendant was not engaged in the business, but as incident to the business in which he was engaged and by the accident of a fire had on hand and as a part of such business some goods damaged by fire, which he had a right to sell without special license. In other words, one who is the owner of a stock of goods and the same is damaged by fire, has a right to dispose of them as such, without additional license. When, however, he is not such owner and enters the business of selling fire damaged goods and advertises same as such, he is subject to the license. In this view the cases cited are in perfect harmony. Recognizing this difference and to eliminate all doubt as to the legislative intent, the Legislature in the general revenue law, Rev.Code 1935, § 348, Schedule 19, has changed the schedule of the 1919 act so as to give a clear meaning to the enactment, in line with the decisions of this court. And in construing the act here in question we can look to that enactment. 59 Corpus Juris, 1035.

The facts in this case as agreed to by both parties bring the case squarely within the influence of the Jones Case, supra, and under that decision the defendant was entitled to a judgment.

As the facts would be the same on another trial, the judgment is reversed, and a judgment will here be rendered in favor of defendant.

Reversed and rendered.

